{¶ 1} This matter is before the court on an administrative appeal by Christy Jennings and Craig Simonson from the trial court's December 29, 2005, decision and entry upholding the Xenia Township Board of Zoning Appeals' determination that their gravel-mining operation did not qualify as a non-conforming use.
 {¶ 2} On November 15, 2006, we filed an order directing Jennings and Simonson to show cause why their appeal should not be dismissed because the trial court lacked jurisdiction to enter the order from which they appealed, rendering the order void. We noted that, at the time of the trial court's December 29, 2005, final judgment entry, an appeal was pending in this court by a group of landowners whose motion to intervene in the action the trial court had denied. We also noted that the denial of the motion to intervene as of right was an appealable order. Finally, we observed that, when an appeal is pending, a trial court loses jurisdiction except to take action in aid of the appeal and that it cannot take action inconsistent with an appellate court's power to reverse, modify, or affirm the judgment appealed from. Based on our belief that the trial court's entry of final judgment terminating the case might have interfered with our ability to reverse, if necessary, the trial court's prior decision denying intervention, we questioned whether the trial court lacked jurisdiction to enter final judgment while the intervention appeal was pending.
 {¶ 3} The appellants and the proposed interveners have filed a joint response to our show-cause order. Therein, they insist that their "primary concern is to address the merits of this case on appeal." The proposed interveners also state that they now are satisfied with the trial court's decision to allow them to participate through an amicus brief while denying them the ability to intervene as parties. Finally, they cite In re Cunningham Children, Stark App. No. 2003CA00054, 2003-Ohio-2805, for the proposition that "a trial court may retain jurisdiction over the merits of a case during an appeal of an order denying intervention if the party moving for intervention is not prevented from obtaining the requested relief a result of the denial."
 {¶ 4} Upon review, we are unpersuaded by the arguments raised in response to our show-cause order. Although we understand the respondents' desire to obtain a final judgment on the merits, that desire has no bearing on whether the trial court retained jurisdiction to enter final judgment while an appeal was pending. Nor does the fact that the proposed interveners now accept the trial court's decision to deny them intervener status. Despite their change of heart, the fact remains that the proposed interveners appealed from the trial court's ruling on the motion to intervene. The crucial issue is whether that pending appeal deprived the trial court of jurisdiction to enter final judgment. Based on the reasoning set forth in our show-cause order, we conclude that it did. By entering final judgment and terminating the case, the trial court interfered with our appellate jurisdiction to reverse its ruling on the intervention issue, if appropriate, and to allow the proposed interveners to participate in the case with the status of parties. The fact that we recently affirmed the trial court's denial of the intervention motion does not alter the fact that the trial court's entry of final judgment while the appeal was pending interfered with our ability to reverse the intervention ruling. Therefore, the trial court lacked jurisdiction to enter final judgment when it did. As a result, we conclude that the December 29, 2005, final judgment entry from which Jennings and Simonson have appealed is void for lack of jurisdiction.
 {¶ 5} The respondents' reliance on In re Cunningham Children fails to persuade us otherwise. Under the facts of that case, the Fifth District Court of Appeals found that the trial court's denial of a motion to intervene was not an appealable order. Therefore, it properly concluded that the trial court retained jurisdiction to enter final judgment in the case, notwithstanding the fact that a notice of appeal had been filed from the denial of the motion to intervene. In the present case, however, we previously concluded that the denial of the motion to intervene was an appealable order, and we recently disposed of the intervention appeal on the merits. Therefore, this case is readily distinguishable from In re Cunningham Children. Contrary to the respondents' argument, we note too that the trial court's entry of final judgment did prevent the proposed interveners from obtaining the relief they sought, namely participation in the case with the status of parties.
 {¶ 6} In short, we conclude that the trial court's December 29, 2005, judgment entry is void for lack of jurisdiction. Therefore, this appeal must be dismissed. We stress, however, that the trial court need notretry the case. The intervention appeal that deprived the trial court ofjurisdiction to enter final judgment has been decided. Therefore, we seeno reason why the trial court could not now re-enter the final judgmentthat it entered on December 29, 2005. If the trial court elects to do so, and if one or more of the parties then chooses to file a new notice of appeal from the trial court's new judgment, this court will permit the parties to incorporate by reference the briefs already filed and will resolve the merits of the new appeal forthwith.
 {¶ 7} Based on the reasoning set forth above, this appeal is hereby dismissed.
 {¶ 8} IT IS SO ORDERED.
JAMES A BROGAN, Judge
THOMAS J. GRADY, Judge
MARY E. DONOVAN, Judge